UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREL R. SLAPE, | Case No. 16-05408 EJD (PR) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| DIRECTOR BOBBY HAASE,[1] et al., | |
| Respondents. | |

Petitioner, a parolee proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Petitioner has paid the filing fee.[2] (Docket No. 5.)

---

[1] The rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name the "'state officer having custody'" of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254). Where the petitioner is on probation or parole, he may name his probation or parole officer "and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate." Rule 2(b) advisory committee's note.

[2] The matter was originally dismissed for failure to pay the filing fee, and then reopened after Petitioner submitted proof of payment. (Docket No. 7.) The Court again dismissed the petition because it was clear from the petition that Petitioner did not exhaust state judicial remedies before filing this action. (Docket No. 8.) Thereafter, Petitioner filed a motion to reinstate the case after providing a copy of the California Supreme Court's decision denying his state habeas petition; the Court granted the motion and reopened the

**BACKGROUND**

According to the petition, Petitioner was found guilty of sexual battery, sexual penetration with a foreign object, and battery by a jury in Humboldt County Superior Court. (Docket No. 1-1 at 2.) Petitioner was sentenced in May 2012, to seven years in state prison, and released on parole on February 20, 2016.[3] (Id.)

Petitioner appealed his conviction to the state appellate court and then to the state high court without success. It appears that Petitioner also filed state habeas petitions which were denied.

Petitioner filed the instant federal habeas petition on September 21, 2016.

**DISCUSSION**

**A.  Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

**B.  Legal Claims**

Petitioner raises the following grounds for federal habeas relief: (1) actual innocence; (2) ineffective assistance of trial counsel (new grounds); (3) the trial court erred in admitting prejudicial propensity evidence of "unproven prior accusation" to prove intent; (4) ineffective assistance of trial counsel (on grounds presented on appeal); (5) the trial court erred in excluding the testimony of two expert witnesses for the defense; (6)

---

case. (Docket No. 11.)

[3] Petitioner states that he is "at home in Mt. Shasta with a G.P.S. brac[e]let." (Docket No. 1-1 at 2.)

1  inadequate jury instructions; (7) failure to provide accommodations for his hearing
2  disability; (8) failure to give jury instructions on defense arguments; (9) he was not given
3  proper notice of the charges against him; (10) ineffective assistance of appellate counsel;
4  and (11) new evidence establishing that the trial court's exclusion of defense expert
5  witnesses resulted in an unfair trial. Liberally construed, these claims are cognizable under
6  § 2254 and merit an answer from Respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto, on Respondents (at the Division of Adult Parole Operations Headquarters for the Northern Region, 9825 Goethe Road, Suite 200, Sacramento, CA 95827) and Respondents' attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve

3

on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED**.

Dated: 3/27/2018

EDWARD J. DAVILA
United States District Judge

Order to Show Cause
P:\PRO-SE\EJD\HC.16\05408Slape_osc